Barnard *v.* Spofford.

## BARNARD & al. versus SPOFFORD.

A referee, appointed under the statute, chap. 138, may, by an alternative award, present legal questions for the consideration of the Court.

Such an award must report, not the *testimony* from which the facts are to be found, but the *facts themselves*, as the referee has found them.

A referee is not a mere instrument to hear and report testimony, often voluminous and contradictory, for the adjudication of the Court thereon, without the aid of a jury.

Such right of adjudication has not been given to the Court by the law, neither can it be conferred by consent of parties.

When, in such a submission, the parties have inserted a condition that the referee should report the *facts* for the consideration of the Court, that condition is not fulfilled by his reporting the *evidence* only.

If such a condition be not fulfilled, the award is to be taken, as if no condition had been inserted.

EXCEPTIONS from the District Court, ALLEN, J.

A referee, appointed under the statute, chap. 138, presented his award. It was resisted, but accepted. To that ruling, the plaintiff excepted. Accompanying the award, was a voluminous report of the evidence before the referee. The arguments of counsel were in writing, occupying on one side sixty, and on the other one hundred and twenty pages, and were devoted chiefly to a discussion of the reported evidence. The view, taken by the Court, renders even an abstract of the evidence unnecessary.

*Herbert,* for plaintiff.

*C. J. Abbott,* for defendant.

SHEPLEY, C. J. — The parties entered into a reference according to the provisions of the statute, chap. 138. An additional agreement provides, that "either party may call for a state of the facts in regard to the loss of the Pomfret and her non-employment, provided they shall desire to take the opinion of the Supreme Court, and it is agreed that the state of facts may be filed at any time before the next term of the Supreme Court for Hancock county."

The referee made a report, bearing date on April 14, 1847, in favor of the respondent, unless the complainants should call for "a statement of facts as proved before said referee, according to the agreement of the parties annexed to this report," and in such case, he makes an alternative award in favor of the complainants, "if upon the said statement of facts, the Court shall be of opinion, that Barnard and Cunningham have maintained their claim against said Spofford for damages."

A document is also presented, signed by the referee, which appears to be correctly described by him in the concluding lines of it. "The above report contains the *evidence* material as to the loss of the Pomfret, her tackle and apparel, as to the negligence in not keeping the vessel employed in the summer of 1837, and not procuring the Pomfret to be insured, which is embraced in forty-four pages." A voluminous file of original papers is also presented.

These documents and papers are accompanied by written arguments containing elaborate discussions of the testimony to show, what facts should be considered as proved by it. The opposite counsel arrive at entirely different conclusions respecting the facts, which are proved.

The right of a referee deriving his power from the statute to present legal questions for the consideration of the Court, by an alternative report, is not denied. The attempt here made, is to present the testimony that the *Court* may *decide*

Barnard *v.* Spofford.

what *facts* are proved by it, or rather whether it proves certain *facts* designated by the referee.

The court is expected to assume the duty of the referee, subject to certain limitations by him imposed, and to ascertain from the testimony, not only, whether certain facts are proved by it, but whether the complainants have, by the testimony, established a case coming within the alternative award ; or in other words, to become the referee by the agreement of the parties, and to make its own decision accordingly. To the adoption of this course, there are insuperable objections.

The provisions of the statute, chap. 138, do not authorize such a course of proceeding, as will make the referee or referees instruments to hear the testimony of witnesses, and to report *that testimony* to the court, that it may assume the duty entrusted by the statute to the referees, and make them the channel of communication, by which the court is to be called upon to decide on all existing claims between parties, presented by voluminous and contradictory testimony without the assistance of a jury. The agreement of the parties can neither convert the referees into such instruments, nor authorize the court thus to act.

If that agreement were to be regarded as effectual, it only authorized the referee to report a state or statement of *facts*. Did not authorize a report of the *testimony* without any finding of the *facts* proved by it.

The alternative report of the referee, upon which alone the court is authorized to act, is made subject only to the opinion of the court on "a statement of *facts* as proved before said referee ;" and no such statement of *facts* has been presented, as authorizes the court to act upon that alternative finding. The report of the referee must therefore be considered as of the same effect, as it would have been if no attempt had been made to comply with the condition, on which the alternative award is founded. For there has been no compliance with the agreement of the parties, or with the terms, upon which the alternative award was made.

A motion has been made to have the report recommitted,

that newly discovered testimony may be introduced. To have the testimony introduced without a finding of the facts would be of no use. There can now be no finding of the facts, for the referee is known to have deceased.

The result is, that the exceptions and motion must be over-ruled.